AO 106 (Rev 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED
District of Maine

2017 APR 21 P 2: 23

DEPUTY CLERK

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

information associated with
PETERELIGHT@GMAIL.COM stored at Google

)
)
)
)
)
)

Case No. 2:17 · mj ·92 ·JHR

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A

located in the _____ Southern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1204(a) | international parental kidnapping |

The application is based on these facts:

See Affidavit of FBI Special Agent Andrew Drewer dated April 21, 2017

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Andrew Drewer, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 04/21/2017 _____

*Judge's signature*

City and state: Portland, Maine

John H. Rich III, United States Magistrate Judge
*Printed name and title*

## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

IN THE MATTER OF INFORMATION
ASSOCIATED WITH
PAOLADMT@GMAIL.COM and
PETERELIGHT@GMAIL.COM STORED
AT GOOGLE

Case No. 2:17-mj-92-JHR

### AFFIDAVIT IN SUPPORT OF AN
### APPLICATION UNDER RULE 41 FOR A
### WARRANT TO SEARCH AND SEIZE

I, Andrew T. Drewer, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for

information associated with a certain account that is stored at premises controlled by Google, an

e-mail provider headquartered at Mountain View, California. The information to be searched is

described in the following paragraphs and in Attachment A. The search warrant, to be issued

under 18 U.S.C. § 2703(a), (b)(1)(A) and (c)(1)(A), will require Google to disclose to the

government copies of the information (including the content of communications) further

described in Section I of Attachment B. Upon receipt of the information described in Section I of

Attachment B, government-authorized persons will review that information to locate the items

described in Section II of Attachment B.

2.      I am a Special Agent with the Federal Bureau of Investigation (FBI), assigned to

the Boston Field Office, Portland, Maine Resident Agency.  I have been an FBI Special Agent

since July 2008.  During this time, I have conducted and participated in numerous complex,

multi defendant investigations involving various criminal offenses, to include kidnapping, fraud,

and computer related crimes.  Prior to my employment with the FBI, I was a licensed attorney in

the state of Virginia, practicing civil law. I obtained a Bachelor of Science degree in Government from The College of William & Mary and a Juris Doctorate degree from Regent University School of Law.

3.      I have attended law enforcement training at the FBI Academy in Quantico, Virginia. I have attended comprehensive general investigative training and tactics courses. In many of those courses, I have received training in the electronic and financial aspects of criminal investigations. Additionally, my training included a wide variety of topics such as constitutional law, criminal law, warrant applications, computer crimes, conducting investigations in the cyber environment, and crime scene processing and investigation. I have conducted a wide array of criminal investigations, including those involving evaluation of electronic communications used during the commission of crimes.

4.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.      Based on my training and experience and the facts as set forth in this affidavit, I submit that probable cause exists to believe that a violation of 18 U.S.C. § 1204(a) (international parental kidnapping) has been committed. I further submit that there is probable cause to search the information described in Attachment A for evidence of this crime, further described in Attachment B.

## JURISDICTION

6.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. § 2703(a), (b)(1)(A), &(c)(1)(A). Specifically, the Court is "a district court of the United States ... that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7.      On or about December 5, 2013, Cumberland County District Court, State of Maine, entered a divorce decree granting Peter E. Light (Light) a divorce from Paola D'Amato (D'Amato).  The Court granted shared parental rights and responsibilities of their only minor child (hereinafter 'C.L.') to Peter E. Light and Paola D'Amato.  The Court granted D'Amato primary physical custody of C.L., with weekly visitation for Light.  The Divorce Judgment specifically stated that if D'Amato, who is a citizen in both the United States and Italy, moved to Italy, then primary physical custody of C.L. would automatically transfer to Light.

8.     On or about December 2, 2014, The Maine Supreme Judicial Court issued a ruling regarding D'Amato's appeal of the December 5, 2013 Divorce Decree on the grounds that the Court's ruling that she would only retain primary physical custody of C.L. if she remained in the United States unconstitutionally infringed on her right to travel.  The Maine Supreme Judicial Court upheld the Divorce Decree.

9.     Based upon my review of Light's personal e-mail account, which Light consented to my reviewing, I know the following:

        a.   On or about February 19, 2015. D'Amato, using email address paoladmt@gmail.com, sent an email to Light at email address

peterelight@gmail.com stating the following, "I would like to take Cecilia to Italy this summer for two weeks probably around the beginning of July."

b. On or about March 20, 2015, D'Amato, using email address paoladmt@gmail.com, sent an email to Light at email address peterelight@gmail.com stating, "I am writing to let you know that we are leaving for Italy (Trieste) on July 4th and returning on July 19th."

c. On or about July 4, 2015, D'Amato departed with C.L. from Logan International Airport, Boston, Massachusetts.

d. On or about July 18, 2015, D'Amato, using email address paoladmt@gmail.com, sent an email to Light at email address peterelight@gmail.com stating, "Unfortunately, I need to let you [Light] know that since my mom and Paolo must spend a few weeks in Germany because of health problems, I am forced to stay in Italy for at least a month to take care of my grandmother, who also has been very ill for a long time. Cecilia has already said that she is staying with me for the time I have to remain in Italy. Because of this situation, we need to postpone our return to the U.S. I am sure you will comprehend and accept this situation."

e. On or about July 19, 2015, Light, using email address peterelight@gmail.com, sent an email to D'Amato at email address paoladmt@gmail.com, stating his suspicion that D'Amato intended to remain in Italy with C.L. and that he did not agree to C.L. remaining in Italy. Light also offered to fly to Italy to return C.L. to the United States.

f. On or about July 21, 2015, D'Amato, using email address paoladmt@gmail.com, sent an email to Light at email address peterelight@gmail.com, informing Light

4

that she and C.L. were residing with Fabio Glorioso, D'Amato's boyfriend, at his residence in Italy. D'Amato stated, "I had to cancel our return ticket and I didn't purchase yet a new one. Cecilia is staying with me and this is also her preference. You can call her everyday at the time and phone number I already got you." Later on that same date, in a separate email from D'Amato to Light, D'Amato stated, "Cecilia is staying with me until I stay in Italy." Although D'Amato stated, "stay in Italy," it appears from the context of her email conversations with Light that she was expressing her intent that C.L. remain in Italy with D'Amato as long as D'Amato remained in Italy.

10.    On or about July 22, 2015, Light filed a police report with the South Portland Police Department, stating that D'Amato was holding C.L. in Italy in violation of a valid court order.

11.    On or about July 22, 2015, Light filed a complaint with the FBI, Boston Division, Portland, Maine resident agency, stating that D'Amato was holding C.L. in Italy in violation of a valid court order. Light provided FBI Special Agent Paul Pritchard with copies of emails between him (peterelight@gmail.com) and D'Amato (paoladmt@gmail.com).

12.    On or about January 13, 2016, the Public Prosecutor at The Court for Minors of Trieste, Trieste, Italy, on behalf Light, filed an appeal to have C.L. returned to the United States. D'Amato hired private counsel for said appeal and has shown no signs of adhering to the provisions of the Divorce Decree issued by Cumberland County District Court and affirmed by the Maine Supreme Judicial Court.

13.    The conduct described above provides probable cause to believe that evidence related to the referenced federal crime may be found, and that a search of the information

5

associated with the email addresses paoladmt@gmail.com and peterelight@gmail.com will lead to additional evidence of that crime. Such evidence may include (1) the names of individuals communicating with D'Amato related to the international parental kidnapping; (2) photos, videos, or other media related to C.L.'s whereabouts or welfare; and (3) location information associated with the victim.

14.     Based on D'Amato's use of the email address paoladmt@gmail.com to communicate with Light at peterelight@gmail.com, and likely other individuals regarding C.L. and her whereabouts, there is probable cause to believe that information demonstrating criminal conduct on the part of D'Amato and possible co-conspirators, as well as C.L.'s whereabouts and welfare, could be found within the contents of the aforementioned email accounts.

15.     Light has maintained regular email communication with Affiant using peterelight@gmail.com. On April 21, 2017, Light sent Affiant an email communication using peterelight@gmail.com. On February 24, 2017, D'Amato, using paoladmt@gmail.com, sent Light an email at peterelight@gmail.com, to inform Light that he needed to update her address when sending future packages to Cecilia.

## BACKGROUND CONCERNING GOOGLE

16.     In my training and experience, I have learned that Google provides a variety of on-line services, including e-mail access, to the public. Google allows subscribers to obtain e-mail accounts at the domain name gmail.com, like paoladmt@gmail.com peterelight@gmail.com. Therefore, the computers of Google are likely to contain stored electronic communications, including retrieved and unretrieved e-mail for Google subscribers, and information concerning subscribers and their use of Google services, such as account access

6

information, e-mail transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

17.    In general, an e-mail that is sent to a Google subscriber is stored in the subscriber's "mail box" on Google's servers until the subscriber deletes the e-mail. If the subscriber does not delete the message, the message can remain on Google servers indefinitely. Even if the subscriber deletes the e-mail, it may continue to be available on Google's servers for a certain period of time.

18.    A Google subscriber can also store files with the provider in addition to e-mails, such as address books, contact or buddy lists, calendar data, pictures (other than ones attached to e-mails), and other files, on servers maintained and/or owned by Google. In my training and experience, evidence of who was using an e-mail account may be found in address books, contact or buddy lists, e-mail in the account, and attachments to e-mails, including pictures and files.

19.    In my training and experience, e-mail providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, e-mail providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP

7

address information can help to identify which computers or other devices were used to access the e-mail account.

20.     In my training and experience, e-mail providers generally ask their subscribers to provide certain personal identifying information when registering for an e-mail account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

21.     In my training and experience, in some cases, e-mail account users will communicate directly with an e-mail service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. E-mail providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

## CONCLUSION

22.     Based on the forgoing, I submit that probable cause exists to believe that evidence of violations of 18 U.S.C. § 1204(a) can be found in information pertaining to paoladmt@gmail.com peterelight@gmail.com stored by Google. I therefore request that the Court issue the proposed search warrant. Because the warrant will be served on Google who will

8

then compile the requested records at a time convenient to it, I submit that reasonable cause

exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Andrew T. Drewer, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on April 21, 2017.

UNITED STATES MAGISTRATE JUDGE

9

## ATTACHMENT A

This warrant applies to information associated with

PETERELIGHT@GMAIL.COM that is stored at premises controlled by Google, a company that

accepts service of legal process at Mountain View, California.

## ATTACHMENT B

**I.      Information to be disclosed by Google (the "Provider")**

        To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any e-mails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for the account or identifier listed in Attachment A:

      1.      The contents of all e-mails associated with the account, including stored or preserved copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

      2.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

      3.      The types of service utilized;

      4.      All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

      5.      All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

## II.    Information to be seized

All information described above in Section I that constitute fruits, evidence or instrumentalities of violations of 18 U.S.C. § 1204(a) involving PAOLADMT@GMAIL.COM PETERELIGHT@GMAIL.COM, including the following:

a.      Information pertaining to travel planning and scheduling by Paola D'Amato to the extent that they relate to her July 4, 2015 trip to Italy with C.L, in violation of 18 U.S.C. § 1204(a) (international parental kidnapping);

b.      Information pertaining to Paola D'Amato's continued stay in Italy from July 2015 to the present, including location of residence and welfare of C.L. as well as D'Amato's stated reasons for remaining in Italy;

c.      Information relating to the identities and locations of any persons who created or used the account; or who communicated with the account, if the communications pertained to traveling interstate with the intent to engage in illicit sexual contact with a minor, as defined in 18 U.S.C. § 1204(a).

d.      All communications between PAOLADMT@GMAIL.COM and PETERELIGHT@GMAIL.COM, including any and all attachments (e.g. photos and videos) to those communications.